UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JACKIE BERRY,                          )
                                       )
                    Petitioner,        )
                                       )
          v.                           )          No. 2:24-cv-00068-JPH-MG
                                       )
TRICIA PRETORIUS,                      )
                                       )
                    Respondent.        )

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jackie Berry filed a Petition for a Writ of Habeas Corpus challenging a prison disciplinary proceeding, JCU-23-07-002144. Dkt. 2. The Respondent has filed a Motion to Dismiss Petition as Moot, arguing that the challenged disciplinary proceeding and its resulting suspended sanctions are no longer enforceable, making this action moot. Dkt. 14. Mr. Berry did not file a response to the Respondent's motion. For the reasons set forth below, the Respondent's Motion to Dismiss Petition as Moot, dkt. [14], is **GRANTED** and this action is dismissed as moot.

**I.**
**Background**

On July 14, 2023, Mr. Berry was subject to a disciplinary proceeding in which he was convicted of possessing a controlled substance. Dkt. 14-1. His sanctions included the deprivation of 30 days of good-time credit. *Id.* On July 31, 2023, his sanctions were revised to be suspended. Dkt. 14-5 at 2. On February 27, 2024, Mr. Berry filed a Petition for a Writ of Habeas Corpus,

1

arguing that there was insufficient evidence to convict him and that the Conduct Report was insufficiently specific.  Dkt. 2 at 3.  The Respondent filed a Motion to Dismiss, arguing that six months has passed without the enforcement of Mr. Berry's suspended sanction, making it unenforceable, and thus making this case moot.  Dkt. 15.

## II.
## Discussion

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution."  *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012).  "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Id.* (citation and quotation marks omitted).  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254 only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody."  *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).  Absent sufficient collateral consequences, if "the time for imposing the sanction has now expired," the case has become moot.  *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (per curiam).

According to Indiana's Disciplinary Code for Incarcerated Adults, if a suspended sanction has not been enforced within six months, it cannot be enforced at all.  Dkt. 14-8 at 41.  Mr. Berry's loss of 30 days of good-time credit was revised to suspended status on July 31, 2023.  Dkt. 14-5 at 2.  Six months

2

from that date was January 31, 2024. The suspended sanction was not enforced within those six months, so it can no longer be enforced and cannot affect the duration of his custody, making this action moot. *See* dkt. 14-6 (Mr. Berry's disciplinary history). An action which is moot must be dismissed for lack of jurisdiction. *Cochran*, 381 F.3d at 641. Therefore, Mr. Berry's action must be dismissed for lack of jurisdiction.

**III.**
**Conclusion**

For the foregoing reasons, the Court **GRANTS** the Respondent's Motion to Dismiss Petition as Moot, dkt. [14], and **DISMISSES** Mr. Berry's Petition for Writ of Habeas Corpus **WITHOUT PREJUDICE** for lack of jurisdiction. Judgment consistent with this decision shall now issue.

**SO ORDERED.**

Date: 10/23/2024

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JACKIE BERRY
999833
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel